UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM #272603,

        Plaintiff,           Case No. 2:10-cv-80

v.                                        Honorable R. Allan Edgar

PATRICIA CARUSO, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against all listed Defendants, except for Defendant Hietikko. The Court will serve the complaint against Defendant Hietikko with regard to Plaintiff's claim that he placed a razor in Plaintiff's food.

**Discussion**

I.        Factual allegations

Plaintiff Michael Gresham, an inmate at the Ionia Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initially filed a voluminous complaint asserting numerous claims on April 22, 2010. However, on July 16, 2010, Plaintiff filed an amended complaint, in which he asserts claims against Defendants MDOC Director Patricia Caruso, Hearing Investigator Julie Green, Accountant Cy Fortier, Accountant Toni Minton, Grievance Appeals Specialist Jodi Washington, Grievance and Appeals Coordinator Richard Russel, Grievance Manager James Armstrong, Hearing Officer Thomas O. Mohrman, Hearings Administrator Richard Stapleton, Joseph Bouchard, Director of Health Services George Pramstaller, Coordinator of Health Care Services Nancy Martin, Director of Correctional Medical Services (CMS) Craig Hutchinson, Legislative Corrections Ombudsman Keith Barber, Field Operator Jessica Zimbleman, Deputy Director of Correctional Facilities Administration Douglas Straub, Regional Prison Administrator James MacMeekin, Regional Prison Administrator Jeri-Ann Sherry, Dental Hygienist Robin Dompierre, RDA Jacquelin Perry, RDA Unknown Eagle, Dentist Charles Simon, Unknown Dentist McDonald, Unknown Dental Hygienist McDonald, Unknown Dentist Wiseman, Director of the Michigan Department of Community Health Janet O., Chaplain Keith Snyder, IMAX Chaplain Unknown Wynia, and "MDDL Legal Writer" Unknown Proora.[1]

In his complaint, Plaintiff fails to allege any specific facts with regard to the majority of the listed Defendants. Plaintiff claims that x-rays showed need for fillings in early 2007, and that he suffers from chipped teeth, which cause pain and difficulty eating. Plaintiff states that he has been

---

[1] *See* Plaintiff's Amended complaint (docket #38).

denied treatment for this serious medical need, as well as for a hernia. Plaintiff also suffers from headaches, blurry vision, nightmares, apprehension, paranoia, mental anguish and depression. Plaintiff states that he was raped on July 10, 2009, swallowed 6 inches of metal on July 16, 2009, and went without medical treatment for two weeks. However, Plaintiff fails to specify who was responsible for the alleged rape or how he happened to swallow "6 inches of metal." On August 31, 2009, Plaintiff was assaulted at IMAX, which caused a permanent injury to his nose, but no medical treatment was given. Again, Plaintiff fails to specifically allege any details with regard to this assault. Plaintiff states that supervisory staff have failed to implement protocols consistent with national health standards for testing/diagnosing/treating prisoners with contagious diseases, those in need of mental health care, or to maintain a clean and properly ventilated prison. Plaintiff believes that this failure caused his skin disease. In addition, Plaintiff states that supervisors have a policy of treating prisoners who complain of pain or sickness as malingerers and discriminating against them.

Plaintiff also alleges that on June 9, 2010, Defendant Hietikko and prison staff Hill, Parrish, Curtis, Hulkoff, and Raatajah placed a razor in his breakfast tray, which Plaintiff then ingested. Plaintiff was taken to the hospital in Baraga, where Plaintiff informed health care staff that he had ingested a razor. Plaintiff complained of stomach pain and requested surgery to remove the razor. Staff at the hospital laughed and said that they were friends with Defendant Hietikko and stated that Plaintiff was "that innocent guy I heard about trying to reform prisons."

Medical staff told Plaintiff that the longer they waited to treat him, the further the razor was going to travel in his intestine. From approximately 10:30 a.m. until 4:00 p.m., Plaintiff was left awaiting toxicology reports, which showed that he had a high aspirin count. Plaintiff was

then taken to Marquette General Hospital (MGH) by ambulance. Upon arrival at MGH, Plaintiff informed medical staff that he was in pain and had ingested a razor. However, Plaintiff was denied pain medication and surgery. Plaintiff claims that he continues to have a razor inside of him. Plaintiff seeks damages and equitable relief.

    II.       <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (holding that the

*Twonbley/Ashcroft* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's complaint is largely incoherent and includes a laundry list of alleged harms. However, much of the complaint is conclusory and unsupported by specific factual allegations. To the extent that Plaintiff is asserting misconduct by staff at the hospital, the court notes that Plaintiff cannot show that hospital staff acted under color of state law. A private individual acts under color of state law, *inter alia*, when "he has acted together with or has obtained significant aid from state officials." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Hospital staff had no contractual relationship with the state through the Michigan Department of Corrections. They were not employed by the state or any governmental agency. Under these circumstances, hospital staff could not be considered state actors for purposes of 42 U.S.C. § 1983.

Plaintiff makes generalized conclusory allegations regarding the failure of supervisors to implement protocols consistent with national health standards for testing/diagnosing/treating prisoners with contagious diseases, those in need of mental health care, or to maintain a clean and properly ventilated prison, which caused Plaintiff's skin disease. In addition, Plaintiff states that supervisors have a policy of treating prisoners who complain of pain or sickness as malingerers and

discriminating against them.  However, Plaintiff fails to allege any specific facts regarding these claims.  Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Nor does Plaintiff specifically allege facts in support of his claim that he was denied medical care in violation of the Eighth Amendment.  Plaintiff claims that x-rays showed a need for fillings in early 2007, and that he suffers from chipped teeth, which cause pain and difficulty eating. Plaintiff states that he has been denied treatment for this serious medical need, as well as for a hernia.  Plaintiff also suffers from headaches, blurry vision, nightmares, apprehension, paranoia, mental anguish and depression.  Plaintiff states that he was raped on July 10, 2009, swallowed 6 inches of metal on July 16, 2009, and went without medical treatment for two weeks.  However, Plaintiff fails to specify who was responsible for the allege rape or how he happened to swallow "6 inches of metal."  On August 31, 2009, Plaintiff was assaulted at IMAX, which caused a permanent injury to his nose, but no medical treatment was given.  Again, Plaintiff fails to specifically allege any details with regard to this assault.  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555.  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570. The court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  *Ashcroft*, 129 S. Ct. at 1949.

The court notes that Plaintiff's claim that Defendant Hietikko and other prison staff placed a razor in his breakfast tray, which Plaintiff then ingested is not frivolous and may not be dismissed at this time.

In addition, Plaintiff filed a motion for a preliminary injunction (docket #14), in which he seeks injunctive relief against prison staff who had been named in his original complaint and Defendant Joseph Bouchard. Plaintiff seeks an order preventing these parties from continuing to violate his rights, as well as a transfer to another prison. However, Plaintiff has since been transferred from the Baraga Maximum Correctional Facility (AMF) to the Ionia Maximum Correctional Facility. Therefore he is no longer under the control or custody of these individuals. Injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *For example see Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988). *See also O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyon*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495-496.

In the present action, the possibility that Plaintiff will be subjected to the same alleged unconstitutional activity is too speculative to warrant injunctive relief. There has been no showing of a "reasonable expectation" nor a "demonstrated probability" that Plaintiff will be returned to AMF

and be subjected to these allegedly unconstitutional conditions by the same defendants. Thus, there is no evidence of "immediate danger" of injury. Accordingly, Plaintiff's requests for injunctive relief are properly denied.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that except for Plaintiff's claim against Defendant Heitikko, his complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Heitikko.

An Order consistent with this Opinion will be entered.


Dated: 3/31/2011                                         */s/ R. Allan Edgar*
                                                        R. ALLAN EDGAR
                                                        UNITED STATES DISTRICT JUDGE